## WILLIS *et al. v.* RECTOR.

*(Circuit Court of Appeals, Eighth Circuit.   May 9, 1892.)*

No. 60.

PARTNERSHIP—USE OF NAME—NOTICE—AGENTS.

    In an action against two defendants as partners, trading as "R. & Co.," it appeared that defendant R. allowed the use of his name because the other defendant was unable to obtain a license to carry on business, that R. had no interest whatever in the business, and that plaintiffs' drummer, when he sold the goods whose price was sued for, was informed of this fact.  The note sued on, signed "R. & Co." by the other defendant, was given to another agent of plaintiffs.  *Held,* that it was proper to direct a verdict for defendant R., for notice to the drummer that he was not in fact a partner was notice to plaintiffs.

In Error to the United States Court in the Indian Territory.

Action by R. S. Willis, P. J. Willis, and J. G. Goldthwaite, trading as P. J. Willis & Bro., against J. H. Rector and C. T. Ryan on a promissory note.   Ryan defaulted, and the court having, after trial, directed a verdict for Rector, the plaintiffs bring error.   Judgment affirmed.

*C. L. Herbert, W. A. Ledbetter, I. H. Orr,* and *Harvey L. Christie,* for plaintiffs in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

CALDWELL, Circuit Judge.   This action was brought in the United States court in the Indian Territory by the plaintiffs against the defendants, J. H. Rector and C. T. Ryan, who were alleged to be partners in trade under the firm name of Rector & Co., to recover the contents of a promissory note of $1,021.51, payable to the plaintiffs, and signed "Rector & Co."   The defendant Ryan interposed no defense to the action, and there was judgment by default against him, and in favor of the plaintiffs, for the amount of the note sued on, with interest.   The defendant Rector filed an answer, denying the alleged partnership and denying his liability on the note.   Upon the trial the plaintiffs introduced the note sued on and rested.   The defendant Rector was thereupon sworn as a witness, and testified that in the year 1884 the defendant C. T. Ryan desired to engage in the mercantile business at Jimtown, Chickasaw Nation, Indian Territory, and could not procure license for such purpose, and applied to him, (Rector) to let him use his name with which to prosecute such business, and this Rector agreed to; that Rector had no interest whatever in such business; that when plaintiffs' drummer, Smith, came to Jimtown to sell goods for plaintiffs, witness

told Smith that he was not a partner of Ryan, and had no interest in his business; he (Smith) gave Rector a hat to persuade C. T. Ryan to order the merchandise, which witness did do. At the close of the defendants' testimony the plaintiffs called the defendant Ryan as a witness, who testified that he was unable to procure license and do business in his own name in the year 1884, and that J. H. Rector, the defendant, authorized witness to run the business in his name, which he did do; that J. H. Rector was a partner in name only, and had no actual or real interest in the business; that witness bought goods of plaintiffs, Willis & Bro., and executed the note sued on to Willis, in name of Rector & Co.; that when the goods were purchased through Mr. Smith, as drummer of plaintiffs, Smith was told and fully advised that J. H. Rector, the defendant, had no interest in the business; that after this time witness, C. T. Ryan, on, to wit, July 22, 1884, executed and delivered to another and different agent of plaintiffs the note sued on. This being all the testimony in the case, the court directed the jury to return a verdict for the defendant Rector, and this direction of the court is assigned for error.

There was no conflict in the testimony. The defendant Rector, who testified in his own behalf, and the defendant Ryan, who was called as a witness by the plaintiffs, agree perfectly in their testimony, and testify to the same state of facts. Upon this uncontradicted evidence the court rightly instructed the jury to find a verdict for the defendant Rector. Notice given to an agent while acting in the agency is notice to the principal. The plaintiffs' agent, Smith, who sold the merchandise for which the note sued on was given, was told before and at the time he sold the goods to Ryan that Rector was not a partner of Ryan, and had no interest in the business, but that the name of Rector & Co. had been assumed by the defendant Ryan because he could not procure a license to conduct the business in his own name. One who holds himself out to the world as a partner is liable as such, although he in fact does not participate in the profits and losses; but where there is a stipulation between two or more persons who hold themselves out to the world as partners that one of them shall not have any share in the profits nor pay any portion of the losses, he is not liable to the creditor of the firm who before giving credit knew of this stipulation, because such creditor has no right to fix upon him a responsibility against his bargain and intention, when such bargain and intention were known to the creditor before he extended the credit. Pars. Cont. 193, and note *g; Alderson* v. *Popes,* 1 Camp. 404, note. See *Thompson* v. *Bank,* 111 U. S. 529, 4 Sup. Ct. Rep. 689.

Judgment affirmed.